**Felicia FIELD, Petitioner–Appellant,**

**v.**

**Elaine LORD, Superintendent, Bedford Hills Correctional Facility, Respondent–Appellee.[†]**

**No. 13–4172–pr.**

United States Court of Appeals, Second Circuit.

April 17, 2015.

Natalie Rea, The Legal Aid Society, New York, NY, for Appellant.

Diane R. Eisner (Leonard Joblove, Anthea H. Bruffee, on the brief), for Kenneth P. Thompson, Kings County District Attorney, Brooklyn, NY, for Appellee.

Present: DENNIS JACOBS and RAYMOND J. LOHIER, JR., Circuit Judges, and JESSE M. FURMAN, District Judge.[*]

[†] The Clerk of the Court is instructed to amend the caption in this case as set forth above.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Felicia Field appeals from the District Court's denial of her petition for a writ of habeas corpus under 28 U.S.C. § 2254. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Field argues that her Sixth Amendment right to be confronted with the witnesses against her was violated when the prosecution introduced her stepsister's incriminating grand jury testimony at trial. Under our controlling law, a defendant's confrontation right may be waived if the prosecution demonstrates by a preponderance of the evidence that "a witness is absent by [the defendant's] own wrongful procurement." *Reynolds v. United States*, 98 U.S. 145, 158, —— S.Ct. ——, 25 L.Ed. 244 (1878); *see Perkins v. Herbert*, 596 F.3d 161, 167 (2d Cir.2010). Under New York law, waiver of the confrontation right requires the prosecution to prove misconduct on the part of the defendant by clear and convincing evidence. *People v. Geraci*, 85 N.Y.2d 359, 367, 625 N.Y.S.2d 469, 649 N.E.2d 817 (1995). After considering the evidence proffered by the prosecution at a wrongful procurement hearing, the State trial court applied New York's clear and convincing evidence standard and found that Field wrongfully procured her stepsister's absence by dissuading her from testifying. Even if we were to determine, pursuant to 28 U.S.C. § 2254(d)(2), that the State trial court's finding was unreason-

able under the more exacting New York standard, this alone would not warrant habeas relief because "the petitioner still bears the ultimate burden of proving by a preponderance of the evidence that his constitutional rights have been violated." *Cardoza v. Rock,* 731 F.3d 169, 178 (2d Cir.2013) (quotation marks omitted). We have reviewed the State court record and conclude that the evidence before the State trial court was sufficient for it reasonably to have found by a preponderance of the evidence that Field wrongfully procured her stepsister's absence at trial. That finding in turn supported the State trial court's conclusion that Field's Sixth Amendment right was not violated because it was waived.

Field also argues that her trial counsel provided her with ineffective assistance because he failed to object at trial to the prosecution's references to arguably inculpatory statements she made to psychiatric professionals. Assuming without deciding that trial counsel's representation fell below an objective standard of reasonableness with respect to the statements to the psychiatric professionals, there was ample additional evidence in the record to support Field's conviction, including her stepsister's grand jury testimony. Since Field was not prejudiced by the admission of her statements to psychiatric professionals, the State appellate court's decision to reject Field's ineffective assistance claim was not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We have considered Field's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.